# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs June 3, 2003 at Jackson

## SHANNON PATTUM v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 97-D-2450     Seth Norman, Judge**

---

**No. M2002-02435-CCA-R3-PC - Filed December 11, 2003**

---

The petitioner, Shannon Pattum, appeals from the Davidson County Criminal Court's denial of post-conviction relief. He claims that his 1999 conviction for attempt to commit second degree murder is the result of ineffective assistance of counsel and an unknowing, involuntary guilty plea. The lower court disagreed and dismissed the petition. Upon our review of the record, the briefs of the parties, and the applicable law, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID G. HAYES, JJ., joined.

Matthew Mayo, Nashville, Tennessee, for the Appellant, Shannon Pattum.

Paul G. Summers, Attorney General & Reporter; Renee W. Turner, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Renee Erb, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

The conviction resulted from the petitioner's guilty plea and his agreement to accept a Range I, eight-year sentence, with submission of the question of manner of service of the sentence to the trial court. The court ordered incarceration in the Department of Correction. The petitioner claims that his counsel erroneously informed him that he was facing up to 25 years in prison, with a release eligibility of 85 percent, on the charge of attempt to commit second degree murder and that this misinformation, combined with counsel's lack of trial preparation, coerced him into pleading guilty.

The post-conviction court conducted an evidentiary hearing. The petitioner testified that counsel sent him a letter in which she informed him that he faced a maximum sentence of 25 years for "attempted homicide." In actuality, the petitioner, who was indicted for attempt to commit

second degree murder, was facing a Range I sentence of eight to twelve years, with a release eligibility of 30 percent. *See* Tenn. Code Ann. §§ 39-13-210 (2003) (second degree murder), -12-107 (classifying criminal attempt in one grade lower than the most serious crime attempted). He testified that counsel corrected the misinformation on the day of trial but that the trial judge refused to grant a continuance and required him to either plead guilty or go to trial. He posited that his lack of confidence in counsel and the exigency of the situation compelled him to plead guilty.

The petitioner also testified that counsel promised that he would be paroled after serving 30 percent of an eight-year sentence and alleged that counsel failed to expunge various arrest records in cases that had resulted in dismissals.

Trial counsel testified that she had a decade's experience in practicing criminal law and that she prepared extensively to defend the petitioner at trial. She interviewed the only two people whose names the petitioner had provided, and she determined that, as defense witnesses, they at best would be unhelpful and at worst would be detrimental. She explained that the letter containing the erroneous information was sent to the petitioner by counsel's paralegal in response to counsel's telephone command to send a letter advising the petitioner of the outstanding plea offer and the applicable exposure to punishment. She admitted that the information in the letter was incorrect but testified that she visited the petitioner within hours of his receipt of the letter and imparted correct information about the punishment range for the charged offense. Counsel testified that this conversation occurred approximate five days before trial and that during a motion hearing conducted four days before trial, the petitioner approached her and said he wished to plead guilty to a Range I, eight-year sentence. He wanted to discuss the matter with his wife, and counsel arranged for the petitioner's wife to meet with him. After the meeting, the petitioner affirmed that he wished to plead guilty. The agreement entailed submitting the question of the manner of service of sentence to the trial court.

In its written order denying relief, the post-conviction court held that the petitioner fully knew even before receiving counsel's letter the applicable punishment range for the charged offense and that, in any event, counsel corrected the misinformation before any harm could result. The court, therefore, discerned no prejudice to the petitioner as a result of the misinforming letter. The court found that counsel had interviewed witnesses and had otherwise adequately prepared for trial. The court held that the petitioner did not prove that counsel had failed to expunge any previously dismissed charges prior to sentencing. Furthermore, the court saw no prejudice due to the lack of expunction because the petitioner's sentence was not enhanced above the minimum.

The Tennessee Post-Conviction Procedure Act authorizes the filing of a single petition, *see* Tenn. Code Ann. § 40-30-102(c) (2003), to seek relief from a conviction or sentence that is void or voidable because of the abridgement of any state or federal constitutional right, *id.* § 40-30-103 (2003). The post-conviction petitioner bears the burden of proving the allegations of fact by clear and convincing evidence. *Id.* § 40-30-110(f) (2003). On appeal, a post-conviction court's findings of fact are conclusive unless the evidence preponderates against them, and the appellate court will neither re-weigh the evidence nor evaluate the credibility of witnesses; however, an

appellate court's review of a question of law or a mixed question of law and fact, such as an ineffective assistance of counsel claim, is reviewed *de novo* with no presumption of correctness. *Nichols v. State*, 90 S.W.3d 576, 586 (Tenn. 2002)

To establish an abridgement of the right to the effective assistance of counsel as guaranteed in the Sixth Amendment to the United States Constitution and Article I, section 9 of the Tennessee Constitution, the claimant must show *both* that counsel's performance was deficient and that the deficiency prejudiced the defense. *Nichols*, 90 S.W.3d at 586; *Strickland v. Washington*, 466 U.S. 668, 692, 104 S. Ct. 2052, 2067 (1984). Deficient performance of counsel equates to "acts or omissions [that] were so serious that they fell below an objective standard of reasonableness under prevailing professional norms." *Nichols*, 90 S.W.3d at 587. The court reviewing counsel's performance not only evaluates the claimed deficiency from counsel's perspective at time of the alleged acts or omissions, but it also indulges "a heavy measure of deference to counsel's judgments." *Id.*; *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999). To establish that deficient performance resulted in prejudice, the claimant is required to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. The claimant "must establish that the deficiency of counsel was of such a degree that it deprived the defendant of a fair trial and called into question the reliability of the outcome." *Nichols*, 90 S.W.3d at 587. When a conviction is based upon a guilty plea, an ineffective-assistance-of-counsel claimant must show that "but for counsel's deficiency, he would have gone to trial instead of entering the plea of guilty." *Id.*; *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985).

To be constitutionally sound, guilty pleas must be based upon the accused being advised of his constitutional right against self-incrimination, the right to confront witnesses, and the right to a trial by jury. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709 (1969). The overriding concern is that the plea be made knowingly and voluntarily. *Id*. at 242-44, 89 S. Ct. at 1711-13. Circumstantial factors such as the accused's intelligence, familiarity with criminal proceedings, the participation of counsel, the extent of advice imparted by counsel and the court, and the accused's rationale for pleading guilty assist in informing the court whether the plea was knowing and voluntary. *Wallen v. State*, 863 S.W.2d 34, 38 (Tenn. 1993).

We agree with the trial court that the petitioner failed to establish any of his claims of ineffective assistance of counsel. Given counsel's testimony, accredited by the lower court, the only demonstrated deficiency in counsel's performance was the issuance of a letter containing erroneous information. This error was quickly corrected and clearly caused no harm. Based upon counsel's testimony, she prepared for trial, expunged between 48 and 70 arrest records, and adequately informed the petitioner about his plea provisions, including the effect of his release eligibility date. The record fully supports the denial of post-conviction relief.

We notice that the post-conviction court's findings did not expressly address whether the petitioner knowingly and voluntarily pleaded guilty. On the other hand, we believe that the court

implicitly and soundly disposed of that issue. The petitioner theorized that ineffective assistance of counsel caused him to plead unknowingly and involuntarily. The post-conviction court found no ineffective assistance of counsel, and we agree with that determination. Accordingly, there is no basis to support a claim of an unknowing and involuntary guilty plea. The petitioner has failed to demonstrate that his plea was the result of ineffective assistance of counsel or was otherwise infirm.

For these reasons, the judgment of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE